09-0730-cv
*Henry Builders, Inc. v. United States of America*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand and ten.

PRESENT: ROBERT D. SACK,
        RICHARD C. WESLEY,
               *Circuit Judges*,
        RICHARD K. EATON,
               *Judge*.[*]

---

HENRY BUILDERS, INC., AVERY ENTERPRISES, INC., HKL ENTERPRISES, LLC, STANLEY HENRY, JULIE HENRY, EMILY S. HENRY, JULIE ANN HENRY, HILDA ROBBINS,

               *Plaintiffs-Appellants*,

    -v.-                        09-0730-cv

UNITED STATES OF AMERICA, TIMOTHY F. GEITHNER,[**] IN HIS CAPACITY AS SECRETARY OF THE TREASURY, J.P. MORGAN CHASE, BAYVIEW LOAN SERVICING, LLC, OPTION ONE MORTGAGE CORPORATION,

               *Defendants-Appellees.*

---

[*] The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

[**] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Treasury Timothy F. Geithner is automatically substituted for former Secretary of the Treasury Henry M. Paulson, Jr., as a defendant in this case.

FOR APPELLANT:     EMANUEL A. TOWNS, Brooklyn, NY.

FOR APPELLEES:     VARUNI NELSON, Assistant United States Attorney (Margaret M. Kolbe, Assistant United States Attorney, *of counsel*), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY.

SETH J. LAPIDOW (Jonathan M. Korn, David C. Kistler, *on the brief*), Blank Rome LLP, Princeton, NJ.
*for JPMorgan Chase & Co.*

Appeal from the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be **AFFIRMED.**

Appellants appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*), which dismissed their complaint with prejudice. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

There are three threshold showings required in order to demonstrate standing. First, a plaintiff must demonstrate an "injury in fact," which is defined as "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 561 (1992) (internal citations and quotation marks

omitted).  Second, "there must be a causal connection between the injury and the conduct complained of," which requires that "the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court."  *Id*. (internal quotation marks omitted).  Third, there must be a likelihood "that the injury will be redressed by a favorable decision."  *Id*. at 561 (internal quotation marks omitted).

The appellants have failed adequately to plead causation.  They have conceded both in their papers and at oral argument that it was the economic crisis, not any action on the part of the appellees, that caused their injuries.  Inasmuch as the appellants' claims could be construed as arguing that the government exacerbated, rather than caused, their injuries, their claims fail because of the absence of an allegation of an affirmative legal duty on the part of appellees to provide appellants with any such funds.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3